UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. IVANNE VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, et al.,<br><br>    Defendants. | Case No. 13-cv-03789-JST<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 9 |

Before the Court is Plaintiff Vasquez' "Verified Petition for Injunction." ECF No. 9. Because the petition seeks immediate relief in the form of an injunction preventing the foreclosure sale of Plaintiff's home, and the sale is scheduled for September 30, 2013, the Court construes Plaintiff's petition as an *ex parte* application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue.

## I.   BACKGROUND

Plaintiff R. Ivanne Vasquez filed this action on August 15, 2013, asserting diversity of citizenship and a demand for $925,000 arising out of the handling of Plaintiff's home mortgage and the subsequent initiation of foreclosure proceedings related to Plaintiff's home in Yuba City, California. Compl., ECF No. 1 p. 1. Plaintiff alleges that the original lender on the mortgage violated federal law by separating the promissory note and the deed of trust. Compl. p. 4. Plaintiff alleges that MERS claims to have a legal and effective lien on the property, and that it owns the note and mortgage without providing Plaintiff proof of those claims. Id. Plaintiff also invokes the Truth in Lending Act, 15 U.S.C. §§ 1601–1667j, asserting that Plaintiff has the right to inspect the original note and deed of trust. Id. Plaintiff also invokes U.C.C. § 3-501 for the same proposition.

Plaintiff also alleges that, after hiring an investigator to conduct a "securitization audit," Plaintiff has acquired proof that the foreclosing entities do not have standing to foreclose. Id. In the petition for a temporary restraining order and preliminary injunction, Plaintiff asserts that Defendants do not hold any instrument, note, or deed that would entitle them to foreclose, Pet., ECF No. 9 ¶ 6, that Defendants noticed a trustee's sale of the property for September 30, 2013, Pet. ¶ 20, that Plaintiff will suffer irreparable harm in the form of losing the property through foreclosure, Pet. ¶ 8, and that Defendants are not assignees of the owner of the loan, Pet. ¶ 46. In short, Plaintiff alleges: "The defendant does not have the legal right to engage or continue this sale scheduled for September 30, 2013 because they are not the real party in interest, it is not the lender, and it is not the assignee of the lender." Pet. ¶ 46.

## II. JURISDICTION

Plaintiff's civil cover sheet asserts that this Court has diversity jurisdiction over this cause of action under 28 U.S.C. § 1332, because Plaintiff is not a citizen of California and because the amount in controversy exceeds $75,000. Compl. p. 1. Defendants have not yet responded to the Complaint. Ordinarily, a court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also § 28 U.S.C. 1447(c). The Court nonetheless proceeds to consider the merits of Plaintiff's application for injunctive relief because a federal district court may issue an injunction to preserve the status quo even when subject matter jurisdiction is disputed or unclear. See U.S. v. United Mine Workers of Am., 330 U.S. 258, 293 (1947).

## III. LEGAL STANDARD

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)). Injunctive relief is

"an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Provided that this has occurred, in balancing the four factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

In addition, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

## IV. ANALYSIS

### A. Likelihood of Irreparable Injury

The Court begins by examining the likelihood of irreparable injury. The Court concludes that it is more than likely that Plaintiff will suffer irreparable injury if no temporary restraining order were issued. If the sale proceeds, Plaintiff and his daughter will lose their home. Loss of one's home is generally considered sufficient to satisfy this element. See Tamburri v. Suntrust Mortgage, Inc., No. 11-cv-2899-EMC, 2011 WL 2654093, at *2 (N.D. Cal. July 6, 2011) (citing Washington v. Nat. City Mortg. Co., No. 10-cv-5042-SBA, 2010 WL 5211506 (N.D.Cal. Dec. 16, 2010)).

### B. Balance of Hardships

Were a temporary restraining order to issue, "it is hard to conceive of a serious hardship to Defendants . . . because any security they have in the real property would still remain," provided the security is valid. Tamburri, 2011 WL 2654093, at *2. By contrast, the hardship to Plaintiff, were the Court to deny Plaintiff's application for a temporary restraining order, would be

significant such that the balance of hardships tips sharply in Plaintiff's favor.

### C.   Likelihood of Success on the Merits

Plaintiff brings this action *pro se*. The Court granted Plaintiff *in forma pauperis* status on September 19, 2013. ECF No. 10. The Complaint in this action, supplemented by the instant application for a temporary restraining order, does not identify with specificity which claims Plaintiff seeks to bring. However, Plaintiff has clearly alleged that Defendants are not legally entitled to foreclose on the subject property. A typical remedy for wrongful foreclosure prior to the consummation of the sale is injunctive relief preventing an unauthorized entity from proceeding. See, e.g., Mabry v. Super. Ct., 185 Cal. App. 4th 208, 223 (Cal. Ct. App. 2010) (postponement of sale is appropriate remedy where foreclosing entity fails to comply with statutory foreclosure scheme).

Given that the balance of hardships tips sharply in Plaintiff's favor, Plaintiff need only show that there are serious questions going to the merits in order to obtain a temporary restraining order. The Court concludes Plaintiff has done so here.

### D.   Public Interest

Courts have repeatedly recognized that "it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." Sencion v. Saxon Mortg. Servs., LLC, No. 10–cv–3108-JF, 2011 WL 1364007 (N.D.Cal. Apr. 11, 2011). The Court concludes it is in the public interest that the temporary restraining order issue.

## V.   CONCLUSION

Because Plaintiff has established that there are serious questions going to the merits of the dispute; that, absent a temporary restraining order, Plaintiff will suffer irreparable injury; that the balance of hardships tips sharply in Plaintiff's favor; and that issuance of a temporary restraining order is in the public interest, the Court hereby GRANTS Plaintiff's *ex parte* application for a temporary restraining order as follows:

1. Plaintiff shall serve this Order and Plaintiff's Verified Petition for Injunction, ECF No. 9, on Defendants immediately, and immediately thereafter file a certificate of service. This Order shall have no effect unless Plaintiff files a certificate of service by September 30, 2013.

4

2.       The Court hereby prohibits Defendants from proceeding with the sale of 643 Elm St., Yuba City, California 95991 currently scheduled for September 30, 2013, at 3:00 p.m., until further order of the Court.

3.       The Court finds that there is no reasonable likelihood of harm to Defendants from being wrongfully enjoined, and therefore orders that Plaintiff is not required to give security pursuant to Federal Rule of Civil Procedure 65(c).

4.       Given Plaintiff's pro se status, and the importance of ensuring that Defendants receive notice, that Defendants have adequate time to prepare a response to Plaintiff's application, and that the Court have an adequate opportunity to review that opposition, the Court finds pursuant to Federal Rule of Civil Procedure 65(b)(2) that good cause exists to extend the expiration date of this Order to Wednesday, October 9, 2013, at the time of the conclusion of the hearing, or until further order of the Court.

5.       Defendants are hereby ordered to show cause in writing why a preliminary injunction should not issue by October 7, 2013.  The Court will hold a hearing on this Order to Show Cause on October 9, 2013, at 10:00 a.m., in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, California.  The parties may appear by telephone by filing a notice of telephonic appearance no later than twenty-four hours prior to the hearing that contains a single direct-dial phone number at which counsel or parties appearing telephonically may be reached at the time of the hearing.

**IT IS SO ORDERED.**

Dated:  September 26, 2013

_____
JON S. TIGAR
United States District Judge