FILED
OCT 23 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R. IVANNE VAZQUEZ,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, et al.,

Defendants.

Case No. 13-cv-03789-JST

**ORDER DENYING PETITION FOR PRELIMINARY INJUNCTION**

Re: ECF No. 9

Before the Court is Plaintiff's verified petition for a preliminary injunction prohibiting Defendants from proceeding with the foreclosure sale of his home. ECF No. 9. The Court will deny the petition.

I. BACKGROUND

A. Factual Allegations

Plaintiff R. Ivanne Vasquez filed this action against Defendants Select Portfolio Servicing, Inc. and California Reconveyance Company, Inc. on August 15, 2013, arising out of the handling of Plaintiff's home mortgage and the subsequent initiation of foreclosure proceedings related to Plaintiff's home in Yuba City, California. Compl., ECF No. 1 p. 1. Plaintiff alleges that the original lender on the mortgage violated federal law by separating the promissory note and the deed of trust. Compl. p. 4. Plaintiff alleges that MERS claims to have a legal and effective lien on the property, and that it owns the note and mortgage without providing Plaintiff proof of those claims. Id. Plaintiff asserts that he has the right to inspect the original note and deed of trust, pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601–1667j, and U.C.C. § 3-501. Id.

Plaintiff also alleges that, after hiring an investigator to conduct a "securitization audit," Plaintiff has acquired proof that the foreclosing entities do not have standing to foreclose. Id. In

1  Plaintiff's verified petition for a temporary restraining order and preliminary injunction, Plaintiff
2  asserts that Defendants do not hold any instrument, note, or deed that would entitle them to
3  foreclose, Pet., ECF No. 9 ¶ 6; that Defendants noticed a trustee's sale of the property for
4  September 30, 2013, Pet. ¶ 20; that Plaintiff will suffer irreparable harm in the form of losing the
5  property through foreclosure, Pet. ¶ 8; and that Defendants are not assignees of the owner of the
6  loan, Pet. ¶ 46. In short, Plaintiff alleges: "The defendant does not have the legal right to engage
7  or continue this sale scheduled for September 30, 2013 because they are not the real party in
8  interest, it is not the lender, and it is not the assignee of the lender." Pet. ¶ 46.

### B. Requests for Judicial Notice

California Reconveyance Company ("CRC") and Select Portfolio Servicing ("SPS") each seek judicial notice of several documents that provide a more comprehensive view of the events underlying this action.[1] ECF No. 22.

The Court may properly take judicial notice of material attached to the complaint and of matters in the public record pursuant to Federal Rule of Evidence 201(b). See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Each of the documents of which CRC and SPS seek judicial notice are documents recorded by Sutter County, and each is therefore properly a matter of public record and subject to judicial notice: a deed of trust; an assignment of the deed of trust; a substitution of the trustee; a notice of default; and a notice of trustee's sale. The requests for judicial notice of these documents are GRANTED.

The Deed of Trust was recorded on March 12, 2007. It identifies R. Ivanne Vasquez, Plaintiff here, as the borrower, Encore Credit as the lender, Fidelity National Title Insurance Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as both the nominee for the lender and the lender's successors and assigns and beneficiary under the deed

---

[1] In addition to the documents contained in Defendants' separate requests for judicial notice, Defendant Select Portfolio Servicing submitted declarations attaching documents contained in Plaintiff's loan file, including letters Plaintiff sent to Select Portfolio Servicing, and its responses. Because none of those documents are necessary to the Court's decision on this motion, the Court does not consider them.

of trust.

On January 24, 2013, a corporate assignment of the March 2007 deed of trust was recorded assigning it to U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association, as trustee, as successor by merger to LaSalle Bank National Association, as trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE5. The assignment identified JPMorgan Chase Bank, N.A. as the servicer.

On February 26, 2013, a substitution of trustee was recorded substituting California Reconveyance Company as trustee. That substitution is dated February 22, 2013. CRC also recorded a notice of default on February 26, 2013, which is also dated February 22, 2013. The notice of default identifies a past due amount of $4,663.80, and identifies JPMorgan Chase Bank, N.A. as the servicer to contact concerning payments. Finally, CRC recorded a notice of trustee's sale on July 29, 2013, scheduling a sale for August 20, 2013, at 3:00 p.m.

## II. LEGAL STANDARDS

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Provided that this has occurred, in balancing the four factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

3

## III. ANALYSIS

Although the Complaint does not identify specific causes of action, the Court construes the Complaint as having made two allegations related to the validity of the pending foreclosure sale: (1) Defendants do not have possession of the promissory note; and (2) Defendants have not allowed Plaintiff to inspect the original note and deed of trust, in violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Uniform Commercial Code. Plaintiff cannot demonstrate a likelihood of success on either theory.

### A. Possession of the Promissory Note

At the heart of Plaintiff's request for an injunction is the allegation that Defendant CRC does not have the authority to foreclose because CRC does not possess the promissory note and has refused to produce the original to Plaintiff. See, e.g., Compl. p. 4 ("I have come to know that Encore the original Lender violated Federal Law by separating the Promissory Note and the Deed Of trust . . . . Lender, Servicer, Investor, and/or MERS are claiming to have a legal and effective lien and own the Note and Mortgage on the above mentioned property, but has not provided me the proof with true Certify Original Documentation."); Pet. ¶ 36 ("Plaintiffs have requested authenticated copies showing the existence of said promissory note but the defendant has failed to produce it."), ¶ 39 ("The Defendant was not the owner or holder of any purported note or mortgage instrument which would have entitled the defendant to foreclose upon or sell the property described herein.").

In California, "the procedures to be followed in a nonjudicial foreclosure are governed by [California Civil Code] sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure." Debrunner v. Deutsche Bank Nat. Trust Co., 204 Cal. App. 4th 433, 440 (Cal. Ct. App. 2012), reh'g denied (Apr. 6, 2012), rev. denied (June 13, 2012) (citing Hague v. Wells Fargo Bank, N.A., No. 11-02366-TEH, 2011 WL 3360026, at *3 (N.D. Cal. Aug. 2, 2011)). Indeed, "section 2924, subdivision (a)(1), permits a notice of default to be filed by the 'trustee, mortgagee, or beneficiary, or any of their authorized agents.' The provision does not mandate physical possession of the underlying promissory note in order for this initiation of foreclosure to be valid." Id. See also Tall v. Mortgage Electronic Registration

4

Systems, Inc., No. 12–cv-05348-WHA, 2012 WL 5505066, at * 2 (N.D. Cal. Nov. 13, 2012); Shuster v. BAC Home Loans Servicing, LP, 211 Cal. App. 4th 505, 512 (Cal. Ct. App. 2012); Sami v. Wells Fargo Bank, No. 12-cv-00108-DMR, 2012 WL 967051, at *5 (N.D. Cal. Mar. 21, 2012); Nguyen v. Bank of Am. Nat'l Ass'n, No. 11–cv-3318-LHK, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Nor must foreclosing entities establish that they are a "real party in interest," as Plaintiff alleges here. Hague, 2011 WL 3360026, at *3.

Moreover, this is not a case where a borrower alleges irregularities in the assignment of the rights under the deed of trust, or in ownership of the note. In such cases, Plaintiffs have obtained preliminary injunctions premised on the claim of wrongful foreclosure. See, e.g., Tamburri v. Suntrust Mortgage, Inc., No. 11-cv-2899-EMC, 2011 WL 6294472, at *10 (N.D. Cal. Dec. 15, 2011) (backdating). Here, the judicially-noticed documents establish that no such irregularities exist: CRC was validly entitled to foreclose through a recorded substitution as trustee.

As such, Plaintiff cannot show a likelihood of success on the merits on a wrongful foreclosure claim, nor on an unjust enrichment claim, which claim Plaintiff appears to assert for the first time in his verified petition for injunction, ECF No. 9 pp. 3–4.

### B. Access to the Original Note

Plaintiff also alleges that he was refused access by Defendants and MERS to the original promissory note in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667j, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

First, MERS is not a party to this action, and Plaintiff's allegations concerning MERS' refusal to allow him access to the promissory note are therefore immaterial. Regardless, "show me the note" requests do not fall within the purview of TILA or RESPA.

Plaintiff does not point to anything in TILA that requires any party to a credit transaction to produce the original promissory note upon request. TILA is primarily concerned with disclosures made at the inception of the loan, and "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411

United States District Court
Northern District of California

(1998). See Ananiev v. Aurora Loan Servs., LLC, No. 12-cv-2275-SI, 2012 WL 2838689, at *4–6 (N.D. Cal. July 10, 2012) (dismissing TILA claim).

Moreover, Plaintiff's claims exceed both applicable statutes of limitation in TILA. Rescission claims are subject to a three-year limitation period, and statutory damage claims are subject to a one-year limitation period. Both periods are measured from the date of the consummation of the loan, which occurred in this case in March 2007; this action was filed in August 2013. See 15 U.S.C. §§ 1635(f), 1640(e); Pagtalunan v. Reunion Mortgage Inc., No. 09-cv-162-EDL, 2009 WL 961995, at *3 (N.D. Cal. Apr.8, 2009) (dismissing TILA claim for exceeding one-year period beginning with date of consummation of loan); Gonzalez v. First Franklin Loan Servs., No. 09-cv-00941-AWI, 2010 WL 144862, at *5 (E.D. Cal. Jan. 11, 2010) (same).

In addition, to be entitled to rescission, Plaintiff would have to allege his ability to tender, which he has failed to. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) ("[I]n applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'"); Pagtalunan, 2009 WL 961995, at *3 (dismissing TILA claim for rescission for failure to tender).

Plaintiff's RESPA claim also fails. "Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the home purchasing process." Schuetz v. Banc One Mortg. Corp., 292 F.3d 1004, 1008 (9th Cir. 2002). RESPA requires loan servicers to respond to "qualified written requests" or "QWRs." 12 U.S.C. § 2605(e). However, QWRs are written requests for information "relating to the servicing" of a home loan, 12 U.S.C. § 2605(e)(1)(A), not demands for access to the original promissory note. Nor has Plaintiff adequately alleged "actual damages" arising out of any failure of any party or MERS to refuse him access to the promissory note, as required by 12 U.S.C. § 2605(f)(1)(A). Plaintiff does not dispute that he was in default, and the Court has already discussed CRC's authority to foreclose. See Derusseau v. Bank of Am., N.A., No. 11-cv-1766-MMA, 2011 WL 5975821, at *4 (S.D. Cal. Nov. 29, 2011) (dismissing RESPA claim for failure to allege damages and failure to request information covered by the Act).

Finally, Plaintiff's cannot establish a likelihood of success on the merits on his claim under

the Uniform Commercial Code, because the U.C.C. does not apply to nonjudicial foreclosure proceedings under a deed of trust. Padayachi v. IndyMac Bank, Case No. 09-5545 JF PVT, 2010 WL 4367221 (N.D. Cal. Oct. 28, 2010)(citing Moeller v. Lien, 25 Cal.App.4th 822, 834, (1994) ("The comprehensive statutory framework established [by the California Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive.")).

For the foregoing reasons, Plaintiff's allegation that he was refused access to the original promissory note (or a copy of it) by Defendants and MERS, even if true, does not establish a likelihood of success on the merits.

## IV. CONCLUSION

Because Plaintiff has failed to establish a likelihood of success on the merits of any of his potential claims, the Court hereby DENIES Plaintiff's Verified Petition for Injunction, ECF No. 9. The Temporary Restraining Order entered on September 26, 2013, ECF No. 12, is hereby DISSOLVED.

**IT IS SO ORDERED.**

Dated: October 23, 2013

JON S. TIGAR
United States District Judge