1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    R. IVANNE VAZQUEZ,                         Case No.  13-cv-03789-JST

          Plaintiff,                             **ORDER GRANTING DEFENDANTS'**
8                                                **MOTIONS TO DISMISS, DENYING**
                                                 **PLAINTIFF'S MOTION FOR**
9        v.                                      **RECONSIDERATION, DENYING**
                                                 **PLAINTIFF'S MOTION TO COMPEL,**
10   SELECT PORTFOLIO SERVICING, et al.,         **GRANTING MOTIONS TO STRIKE**

          Defendants.                            Re: ECF Nos. 27, 29, 41, 42, 43, 45
11

12

13          Before the Court are motions to dismiss filed by Defendants California Reconveyance

14   Company ("CRC"), ECF No. 27 ("CRC Mot."), and Select Portfolio Servicing ("SPS"), ECF No.

15   29 ("SPS Mot."), Plaintiff's motion for reconsideration, ECF No. 41, Plaintiff's motion to compel,

16   ECF No. 42, and CRC and SPS's motions to strike, ECF Nos. 43 & 45.  The Court will grant

17   Defendants' motions to dismiss, deny the motion for reconsideration as improperly filed, deny the

18   motion to compel, and grant the motions to strike.

19   **I.      DEFENDANTS' MOTIONS TO DISMISS**

20          Defendants CRC and SPS each move to dismiss Plaintiff's Complaint in its entirety.  The

21   motions are unopposed.

22          On a motion to dismiss, courts accept the material facts alleged in the complaint, together

23   with reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729,

24   732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true

25   is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory

26   statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

27          In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a

28   claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

United States District Court
Northern District of California

1   (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a

2   defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the

3   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4   defendant is liable for the misconduct alleged."  Id.  "[B]efore dismissing a *pro se* complaint the

5   district court must provide the litigant with notice of the deficiencies in his complaint in order to

6   ensure that the litigant uses the opportunity to amend effectively."  Ferdik v. Bonzelet, 963 F.2d

7   1258, 1261 (9th Cir. 1992).  Nevertheless, "[*p*]*ro se* litigants must follow the same rules of

8   procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)

9   (overruled on other grounds).

10          On October 23, 2013, this Court denied Plaintiff's petition for a preliminary injunction.

11  The Court incorporates here its overview of the factual allegations in this case contained in that

12  Order.  Order, ECF No. 26 at 1–3.  As the Court noted in its Order, although the Complaint does

13  not identify specific causes of action, the Court construes the Complaint as having made two

14  allegations related to the validity of the foreclosure sale: (1) Defendants do not have possession of

15  the promissory note; and (2) Defendants have not allowed Plaintiff to inspect the original note and

16  deed of trust, in violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act,

17  and the Uniform Commercial Code.

18          **A.      Possession of the Promissory Note**

19          Plaintiff's Complaint alleges that Defendants do not have the authority to foreclose

20  because Defendants do not possess the promissory note.  See, e.g., Compl. at 4 ("I have come to

21  know that Encore the original Lender violated Federal Law by separating the Promissory Note and

22  the Deed Of trust . . . .  Lender, Servicer, Investor, and/or MERS are claiming to have a legal and

23  effective lien and own the Note and Mortgage on the above mentioned property, but has not

24  provided me the proof with true Certify Original Documentation.").

25          The Court previously denied Plaintiff's petition for a preliminary injunction, in part,

26  because California's non-judicial foreclosure regime does not require that foreclosing entities have

27  physical possession of the underlying promissory note.  See, e.g., Debrunner v. Deutsche Bank

28  Nat. Trust Co., 204 Cal. App. 4th 433, 440 (Cal. Ct. App. 2012), reh'g denied (Apr. 6, 2012), rev.

United States District Court
Northern District of California

2

1  denied (June 13, 2012); Tall v. Mortgage Electronic Registration Systems, Inc., No. 12–cv-05348-

2  WHA, 2012 WL 5505066, at *2 (N.D. Cal. Nov. 13, 2012); Shuster v. BAC Home Loans

3  Servicing, LP, 211 Cal. App. 4th 505, 512 (Cal. Ct. App. 2012); Sami v. Wells Fargo Bank, No.

4  12-cv-00108-DMR, 2012 WL 967051, at *5 (N.D. Cal. Mar. 21, 2012); Nguyen v. Bank of Am.

5  Nat'l Ass'n, No. 11–cv-3318-LHK, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011); Hafiz v.

6  Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).[1]

7         Consequently, Plaintiff's allegations concerning possession of the note, taken as true, fail

8  to state a claim upon which relief can be granted.

9         **B.      Access to the Original Promissory Note**

10        Plaintiff alleges he was refused access by Defendants and MERS to the original

11  promissory note in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667j, the

12  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and the Uniform

13  Commercial Code.  MERS is not a party to the action.

14        The Court previously held, in denying Plaintiff's petition for a preliminary injunction, that

15  "show me the note" requests are not covered by TILA or RESPA.  See, e.g., Beach v. Ocwen Fed.

16  Bank, 523 U.S. 410, 411 (1998) (TILA "requires creditors to provide borrowers with clear and

17  accurate disclosures of terms dealing with things like finance charges, annual percentage rates of

18  interest, and the borrower's rights."); Ananiev v. Aurora Loan Servs., LLC, No. 12-cv-2275-SI,

19  2012 WL 2838689, at *4–6 (N.D. Cal. July 10, 2012) (dismissing TILA claim); Derusseau v.

20  Bank of Am., N.A., No. 11-cv-1766-MMA, 2011 WL 5975821, at *4 (S.D. Cal. Nov. 29, 2011)

21  (dismissing RESPA claim for failure to allege damages and failure to request information covered

22  by the Act).

23        Plaintiff's claims also fall outside both statutes of limitation in TILA.  See 15 U.S.C. §§

24  1635(f), 1640(e); Pagtalunan v. Reunion Mortgage Inc., No. 09-cv-162-EDL, 2009 WL 961995, at

25

26  _____

26  [1] Plaintiff does not allege any irregularities in the assignment of rights under the deed of trust, or
    in ownership of the note, of the kind that have led courts to sustain foreclosure claims in other
27  cases.  See, e.g., Tamburri v. Suntrust Mortgage, Inc., No. 11-cv-2899-EMC, 2011 WL 6294472,
    at *10 (N.D. Cal. Dec. 15, 2011).

28

United States District Court
Northern District of California

1      *3 (N.D. Cal. Apr.8, 2009) (dismissing TILA claim for exceeding one-year period beginning with

2      date of consummation of loan); Gonzalez v. First Franklin Loan Servs., No. 09-cv-00941-AWI,

3      2010 WL 144862, at *5 (E.D. Cal. Jan. 11, 2010) (same).

4          Regardless, Plaintiff cannot secure the remedy of rescission without alleging his ability to

5      tender, which he has failed to do.  Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir.

6      2003) ("[I]n applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by

7      the borrower of the property he had received from the lender.'").

8          Finally, in California, the Uniform Commercial Code does not apply to non-judicial

9      foreclosure proceedings under a deed of trust.  See Padayachi v. IndyMac Bank, Case No. 09-5545

10     JF PVT, 2010 WL 4367221 (N.D. Cal. Oct. 28, 2010) (citing Moeller v. Lien, 25 Cal.App.4th 822,

11     834, (1994) ("The comprehensive statutory framework established [by the California Civil Code]

12     to govern nonjudicial foreclosure sales is intended to be exhaustive.")).

13         Consequently, Plaintiff's allegations concerning Defendants' failure to produce the

14     original promissory note fail to state a claim upon which relief can be granted.

15         Because Plaintiff's allegations are deficient and all of his claims fail as a matter of law, the

16     Court grants Defendants' motions to dismiss.  However, in light of Plaintiff's pro se status, the

17     Court will grant Plaintiff one opportunity to amend the Complaint.  See Ferdik v. Bonzelet, 963

18     F.2d 1258, 1261 (9th Cir. 1992).  Further failure to state a claim upon which relief can be granted

19     will result in dismissal with prejudice.

20   **II.**     **PLAINTIFF'S MOTION FOR RECONSIDERATION**

21         Plaintiff's filing at ECF No. 41 is a letter to the Court requesting reconsideration of the

22     Court's Order denying Plaintiff's petition for a preliminary injunction.  See Order, ECF No. 26.

23     Civil Local Rule 7-9(a) provides:

24              Before the entry of a judgment adjudicating all of the claims and the

25              rights and liabilities of all the parties in a case, any party may make
                a motion before a Judge requesting that the Judge grant the party

26              leave to file a motion for reconsideration of any interlocutory order
                made by that Judge on any ground set forth in Civil L.R. 7-9 (b).

27              No party may notice a motion for reconsideration without first
                obtaining leave of Court to file the motion.

28     Plaintiff did not obtain the Court's leave to file a motion for reconsideration.

United States District Court
Northern District of California

1    Consequently, his motion for reconsideration at ECF No. 41 is denied.

2    **III.    PLAINTIFF'S MOTION TO COMPEL AND AMENDED COMPLAINT**

3         Plaintiff's filing at ECF No. 42 bears three titles: "AMENDED COMPLAINT";

4    "PLAINTIFF'S PETITION TO COMPEL THE PRODUCTION OF DOCUMENTS AND/OR

5    DEFAULT JUDGMENT"; AND "PLAINTIFF'S MOTION TO APPEAL JUDGE'S DECISION

6    AND PETITION TO STRIKE OUT LAST DECIOSN[sic] MADE AND TO HAVE

7    DEFENDANT COMPEL THE PRODUCTION OF DOCUMENTS OR DEFAULT

8    JUDGMENT."

9         The document itself is a set of fifteen discovery requests.  To the extent Plaintiff's filing at

10   ECF No. 42 constitutes a motion to compel, that motion is hereby DENIED for two reasons.  First,

11   Plaintiff's motion does not comply with section F of this Court's Standing Order for All Civil

12   Cases, available at cand.uscourts.gov/jstorders.  Second, discovery is not yet open in this case, as

13   the parties' Rule 26(f) conference has not yet occurred.  See Fed. R. Civ. P. 26(d)(1) ("A party

14   may not seek discovery from any source before the parties have conferred as required by Rule

15   26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when

16   authorized by these rules, by stipulation, or by court order.").

17        In the alternative, to the extent that the document is intended as an amended complaint,

18   Defendants have moved to strike it for failure to comply with Federal Rule of Civil Procedure 15.

19   That rule provides, in pertinent part:

20        (1) Amending as a Matter of Course. A party may amend its pleading once as a
     matter of course within:

21

22             (A) 21 days after serving it, or

23             (B) if the pleading is one to which a responsive pleading is required, 21
               days after service of a responsive pleading or 21 days after service of a
24             motion under Rule 12(b), (e), or (f), whichever is earlier.

25        (2) Other Amendments. In all other cases, a party may amend its pleading only
26   with the opposing party's written consent or the court's leave. The court should
     freely give leave when justice so requires.

27
     Fed. R. Civ. P. 15(a).

28

United States District Court
Northern District of California

5

1    Here, Plaintiff filed his Amended Complaint more than twenty-one days after Defendants

2 filed their motions to dismiss, without seeking leave of court.  See Sutton v. Holz, C06-6417

3 VRW, 2007 WL 3027345 (N.D. Cal. Oct. 15, 2007) (granting motion to dismiss pursuant to Rule

4 15 "[b]ecause plaintiffs did not obtain leave to amend or written consent of the adverse party

5 before filing their amended complaint containing additional claims and defendants").

6    Defendants' motion to strike the Amended Complaint is granted.

7 **IV.    CONCLUSION**

8    For the foregoing reasons, the Court hereby ORDERS as follows:

9    1.    Defendants' motions to dismiss, ECF Nos. 27, 29, are hereby GRANTED.

10 Plaintiff's Complaint, ECF No. 1, is hereby DISMISSED without prejudice.

11    2.    Plaintiff's motion for reconsideration, ECF No. 41, is hereby DENIED without

12 prejudice.

13    3.    Plaintiff's motion to compel, ECF No. 42, is hereby DENIED.

14    4.    Defendants' motions to strike, ECF Nos. 43 & 45, are hereby GRANTED.

15 Plaintiff's Amended Complaint, ECF No. 42, is stricken in its entirety.

16    5.    Within thirty days of the date of this Order, Plaintiff shall either (1) file an

17 amended complaint consistent with the terms of this Order or (2) file a notice of submission to the

18 Court's Order, which will result in a final dismissal with prejudice.  Failure to comply with this

19 paragraph will constitute a violation of the Court's Order, which may result in dismissal pursuant

20 to Federal Rule of Civil Procedure 41(b).

21    **IT IS SO ORDERED.**

22 Dated:  January 13, 2014

23    _____
         JON S. TIGAR
24         United States District Judge

25

26

27

28

United States District Court
Northern District of California

6