1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   R. IVANNE VAZQUEZ,                          Case No.  13-cv-03789-JST

                    Plaintiff,

8

9              v.                               **ORDER OF DISMISSAL**

                                                Re: ECF Nos. 59, 60, 69
10  SELECT PORTFOLIO SERVICING, et al.,

                    Defendants.

11

12         In this action by a homeowner challenging a foreclosure, Defendants California

13  Reconveyance Company ("CRC"), ECF No. 60 ("CRC Mot."), and Select Portfolio Servicing

14  ("SPS"), ECF No. 59 ("SPS Mot.") move to dismiss the First Amended Complaint.  The Court

15  previously dismissed the complaint for failure to state a claim upon which relief can be granted.

16  ECF No. 49.  The Court will grant the instant motions to dismiss without leave to amend.

17         On a motion to dismiss, courts accept the material facts alleged in the complaint, together

18  with reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729,

19  732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true

20  is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory

21  statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

22         In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a

23  claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

24  (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a

25  defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the

26  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged."  Id.  "[B]efore dismissing a *pro se* complaint the

28  district court must provide the litigant with notice of the deficiencies in his complaint in order to

United States District Court
Northern District of California

1    ensure that the litigant uses the opportunity to amend effectively." <u>Ferdik v. Bonzelet</u>, 963 F.2d

2    1258, 1261 (9th Cir. 1992).  Nevertheless, "[*p*]*ro se* litigants must follow the same rules of

3    procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987)

4    (overruled on other grounds).

5          The Court previously dismissed Plaintiff's original complaint, which did not identify

6    specific causes of action, based on the Court's liberal reading of the complaint.  The Court

7    concluded that Plaintiff failed to state a claim because: (1) Plaintiff's allegation that the

8    foreclosing entities do not possess the promissory note did not affect the validity of the

9    foreclosure; (2) Plaintiff's demand for access to the original promissory note under the Truth in

10   Lending Act ("TILA"), 15 U.S.C. §§ 1601−1667j, the Real Estate Settlement Procedures Act

11   ("RESPA"), 12 U.S.C. § 2605, and the Uniform Commercial Code was not recognized in the law;

12   (3) Plaintiff's TILA claim was also time-barred; (4) Plaintiff's request for rescission was barred by

13   the tender rule; and (5) the Uniform Commercial Code does not apply to non-judicial foreclosure.

14   <u>See</u> ECF No. 49 at 2–4 (citing cases).  The Court warned Plaintiff that further failure to state a

15   claim could result in dismissal with prejudice.

16         Plaintiff's First Amended Complaint, ECF No. 57, suffers from the same deficiencies as

17   the original complaint.  Plaintiff makes the same allegations he made before and, although he now

18   states them in more detail, they rest on the same legal theories.  These claims remain deficient for

19   the reasons expressed in the Court's prior order.

20         Plaintiff also makes mention of the Federal Debt Collection Practices Act, the Federal Fair

21   Credit Reporting Act, fraud in the concealment, fraud in the inducement, "international" infliction

22   of emotional distress, and "illegal securitization."  If Plaintiff means to add new causes of action,

23   he cannot do so here because he has not obtained leave of court.  In its prior order, the Court

24   granted Plaintiff leave to amend the original complaint "consistent with the terms of" that order,

25   ECF No. 49 at 6, but did not grant leave to add new claims.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  Even

26   putting that problem aside, none of the claims is adequately pleaded, since the First Amended

27   Complaint does not contain any factual allegations concerning any of these new purported causes

28   of action.

United States District Court
Northern District of California

Finally, Plaintiff purports to petition to quiet title.  Plaintiff's quiet title cause of action fails for the same reason as his wrongful foreclosure claim.  Plaintiff does not adequately allege that he is the rightful owner of the property, nor has Plaintiff tendered the amount of his indebtedness.  See Kelley v. Mortg. Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. Aug. 12, 2009) (dismissing quiet title claim because plaintiff failed to allege ownership and tender).

Because Plaintiff has failed to amend the complaint in a manner that addresses the deficiencies previously identified by the Court, and because Plaintiff has had ample notice and opportunity to do so, the Court hereby GRANTS Defendants' motions to dismiss the First Amended Complaint and DISMISSES Plaintiff's First Amended Complaint without leave to amend.

The Court notes that in Plaintiff's last filing, ECF No. 69, in addition to opposing the motions to dismiss, Plaintiff requested that the Court forward his case to the Court of Appeals.  If Plaintiff wishes to appeal this order, Plaintiff must do so in accordance with the Federal Rules of Appellate Procedure.  This Court cannot forward its own order to the Court of Appeals for review.

Defendants shall file a proposed form of judgment within fourteen days from the date of this order.

**IT IS SO ORDERED.**

Dated: May 20, 2014

_____
JON S. TIGAR
United States District Judge